IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CR-60-FL-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MELISSA MOODY GOODWIN, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for recommendation concerning length of residential re-entry center ("RRC") or home confinement placement time (DE 337). The government has not responded and the time for response has passed. In this posture, the issues raised are ripe for decision. For the following reasons, the motion is denied.

## BACKGROUND

Defendant was adjudicated guilty and sentenced on February 22, 2018, to the offense of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The court imposed a sentence of 52 months imprisonment. The court made the following recommendations to the Bureau of Prisons ("BOP") in its judgment and amended judgment:

> The court STRONGLY recommends that the defendant receive intensive substance abuse treatment, vocational training, and educational opportunities. The court recommends defendant receive a mental health assessment and mental health treatment while incarcerated.

(DE 296 at 2; DE 299 at 2). Defendant filed the instant motion on August 10, 2018, asking for a judicial recommendation to the BOP that she should be afforded six months of placement time in a RRC, and five months in home confinement.

## COURT'S DISCUSSION

In designating placement of a federal inmate, the BOP must consider, among other factors, "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." Id. § 3621(b).

In this case, this court in its judgment already made recommendations to the BOP regarding defendant's placement and opportunities while in custody of BOP. The court made no recommendation regarding RRC or home confinement. As such, the court construes defendant's motion as a motion to amend the judgment, or, in the alternative, for a supplemental recommendation by the court made outside of the judgment concerning RRC placement or home confinement.

First, with respect to amending the judgment, the court has no authority or basis to do so upon the circumstances presented. "The court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule is subject to limited exceptions, upon motion of the BOP, upon lowering of the sentencing range by the Sentencing Commission, or if expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. None of the circumstances applies here. Therefor the motion to amend judgment is denied.

Second, with respect to defendant's motion for a supplemental recommendation by the court made outside of the judgment concerning RCC placement or home confinement, the court declines in its discretion to make such a recommendation. The court carefully considered, at time of sentencing, multiple factors bearing upon defendant's incarceration. The court did not, however, include halfway house placement or home confinement in its recommendations to the BOP in the judgment. In light of multiple factors bearing upon the sentencing determination, the court did not at sentencing and does not now find express recommendation to the BOP regarding length of RCC placement or home confinement to be warranted.

The court, however, commends defendant for her record of achievement while in custody, as reflected in the list of programs attached to the motion. These include certificates of completion for a drug abuse education course; trauma in life workshop; parenting and divorce; getting and keeping a job; on the right track; self-esteem class; and painting; as well as attendance in classes and programs in horticulture; celebrate recovery; boundaries; beading; and music. Defendant is encouraged to take advantage of all such resources made available to her while in custody.

## CONCLUSION

Based on the foregoing, defendant's motion for recommendation concerning length of RRC or home confinement placement time (DE 337) is DENIED.

SO ORDERED, this the 3rd day of October, 2018.

LOUISE W. FLANAGAN
United States District Judge